UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00097-GNS-HBB

PATRICE SNIDER                                                                            PLAINTIFF

v.

WAL-MART STORES, INC., et al.                                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment (DN 22) filed by Defendants Wal-Mart Stores East, L.P. and Stanley Access Technologies LLC (hereinafter "Defendants") . The motion has been fully briefed and is ripe for decision. For the reasons stated below, the Court **GRANTS** Defendants' Motion.

## I.   BACKGROUND

This action is brought to recover for injuries Plaintiff Patrice Snider ("Snider") allegedly sustained at the Wal-Mart store located in Campbellsville, Kentucky ("Wal-Mart"). (Compl. ¶ 7, DN 1-1). Snider claims the injury occurred when an automatic door at the entrance of Wal-Mart "closed on her left hand and arm." (Compl. ¶ 7). The door is a product of Stanley Access Technologies ("Stanley"). A Stanley technician inspected the automated door on the day prior to and after the accident and found no problems with its operation. (Defs.' Mem. of Law in Supp. of Mot. for Summ. J. Ex. 6, at 1-7, DN 22-7).

Snider filed her Complaint on June 17, 2013, in Taylor Circuit Court. (Compl.) Defendants removed this action to this Court on the basis of diversity of citizenship on July 24,

2014. (Notice of Removal, DN 1). Defendants filed their Motion for Summary Judgement on September 15, 2015. (Defs.' Mem. of Law in Supp. of Mot. for Summ. J., DN 22-1 [hereinafter Defs.' Mot.]). Plaintiff responded on October 9, 2015. (Pl.'s Resp. to Mot. for Summ. J., DN 23 [hereinafter Pl.'s Resp.]). Defendant filed its Reply on October 23, 2015. (Defs.' Reply Mem. in Supp. of Mot. for Summ. J., DN 24 [hereinafter Defs.' Reply]).

## II.     JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000.00.

## III.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "looking to the record as a whole, a reasonable mind could come to only one conclusion . . . ." *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 186 (6th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). "When moving for summary judgment the movant has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists 'a genuine issue for trial.'" *Id*. (citing *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)).

The Court views the evidence in the light most favorable to the non-moving party, however, the non-moving party must do more than merely show the existence of some

"metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). Rather, the non-moving party must present facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## IV.    DISCUSSION

Snider relies on the doctrine of *res ipsa loquitur*, meaning that "the thing speaks for itself" such that negligence is presumed and need not be proven.[1] *Black Mountain Corp. v. Partin's Adm'r*, 49 S.W.2d 1014, 1017 (Ky. 1932). Under Kentucky law, three requirements must exist to invoke the doctrine of *res ipsa loquitur*. First, the instrumentality that caused the injury must be under the control and management of the defendant. *Venon v. Gentry*, 334 S.W.2d 266, 268 (Ky. 1960) (citation omitted). Second, the circumstances must indicate that the accident could not have occurred in the absence of the defendant's negligence. *Id*. Third, the plaintiff's injury must have resulted from the accident. *Id*. Kentucky law suggests that mere whispers of negligence will not do. The happening of the event by itself must speak of negligence. *Love v. Walker*, 423 S.W.3d 751, 756 (Ky. 2014) (*res ipsa loquitur* claim must allow jury to "reasonably infer both negligence and causation from the mere occurrence of the event and the defendant's relation to it . . . ." (internal quotation marks omitted) (citation omitted)); *Helton v. Forest Park Baptist Church*, 589 S.W.2d 217, 219 (Ky. App. 1979) (the doctrine "applies only where the

---

[1] The Court applies the law of the state which governs the matter in a diversity case; Kentucky law applies in this action. *Morris v. Wal-Mart Stores, Inc.*, 330 F.3d 854, 857 (6th Cir. 2003) (citation omitted).

thing shown speaks of negligence of the defendant and not merely the occurrence of an accident." (citation omitted)); *Cox v. Wilson*, 267 S.W.2d 83, 84 (Ky. 1954) ("circumstances must be such that, according to common knowledge and the experience of mankind, the accident could not have happened if those having control and management had not been negligent.").

Here, "the thing" is Defendants' automatic door. There is no question that the door was within Defendants' control and management. The crux of this case is the second element of *res ipsa loquitur*: whether the accident alleged by Plaintiff was one which could not have occurred in the absence of negligence. In this regard, the critical evidence consists of video surveillance footage of the incident. (Defs.' Mot. Ex. 5, at 1:27:54 P.M. (EDT), DN 22-6). The video reflects that the sliding doors activated inward from the left just as Snider began to enter at the far left side of the doorway; Snider then appears to clip her left hand on the door as she walks through the entrance. (Defs.' Mot. Ex. 5, at 1:27:55-1:27:56 P.M. (EDT)). This is nothing remotely similar to the "crushing" Snider describes in her response. (Pl.'s Resp. 1). Instead, it appears that Snider's arm bumped into the closing door just as much as the door bumped into Snider. (Defs.' Mot. Ex. 5, at 1:27:56 P.M. (EDT)). Regardless, there was no crushing of Snider's arm by an obviously malfunctioning door that would "speak for itself" to establish Wal-Mart negligently maintained its premises.

The incident in this case is not one which creates a reasonable inference of negligence. This case may be different if Snider had been crossing the middle of the doorway or if the door had obviously malfunctioned, but this simply did not occur. (Defs.' Mot. Ex. 5, at 1:27:55 P.M. (EDT)). Any number of factors—including Snider not paying attention to where she was walking—could have caused this accident and are more likely causes than a malfunction in the automatic door. Most importantly, persons with expertise in the operation and maintenance of

4

automatic doors could conceivably have been able to provide evidence establishing Defendants' negligence with respect to the door. The doctrine of *res ipsa loquitur* relieves the plaintiff of showing breach of duty in accidents when a breach can reasonably be inferred. *Love*, 423 S.W.3d at 756. This case does not involve such an accident, and there is no genuine issue of material fact to imply otherwise.

Snider compares her case to this Court's holding in *Clark v. Schindler Elevator Corp.*, No. 3:05CV-816-H, 2007 WL 679042 (W.D. Ky. Mar. 1, 2007). (Pl.'s Resp. 6). In that case, the plaintiffs were shopping at a retail store when an escalator "abruptly stopped," causing them to fall. *Clark*, 2007 WL 679042, at *1. The plaintiffs sued the escalator manufacturer and the store for negligence, and relied upon the theory of *res ipsa loquitur*. The defendants moved for summary judgment on the basis that the plaintiffs failed to provide expert testimony or any other evidence supporting their claims. *Id*. at *2. This Court held that the plaintiffs could not rely on *res ipsa loquitur* to prove its claims against the escalator manufacturer. *See id.* The Court also found that there was an absence of evidence that the manufacturer failed to exercise reasonable care in maintaining the escalator and that the plaintiffs could not rely upon speculation to prove their claims. *See id.* The Court denied the store's motion on the basis that *res ipsa loquitur* may apply and because there was sufficient evidence that the jury could believe the escalator's sudden stop was caused by the store's negligence. *See id.*

The present case is distinguishable from *Clark*. The escalator in *Clark* completely failed in what it was designed to do by coming to a sudden stop without warning. *Id*. Here, the the automatic doors did not fail to open when Snider entered, nor did they fully close on her as she passed through the doorway. (Defs.' Mot. Ex. 5, at 1:27:55 P.M. (EDT)). Rather, Snider was on the outer margin of the door such that the door began to close as she approached, causing

minimal contact in close proximity to the frame into which the door had retracted. (Defs.' Mot. Ex. 5, at 1:27:55 P.M. (EDT)).

Snider essentially claims that the common knowledge and experience of mankind indicates automatic doors should always remain completely open to prevent any contact between a customer and the outer edge of the door. This argument cannot be inferred from the holding in *Clark*. Snider's accident in this case would be analogous to the patrons in *Clark* tripping and falling on the escalator steps then relying on *res ipsa loquitur* to establish the escalator was moving slightly too fast or slightly too slow. The regular operation of Defendants' automatic door here is clearly distinguished from the abrupt stop of the escalator in *Clark*. The mere occurrence of this incident does not support an inference of negligence.

Because Snider cannot rely upon *res ipsa loquitur*, she must provide some evidence of negligence on the part of Defendants to establish breach. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003). Without proof that that Defendants failed to maintain the premises in a reasonably safe condition, it was incumbent upon Plaintiff to present expert testimony to establish some proof of negligence or defect in design, manufacture, or maintenance of the door. Plaintiff has provided none. Instead, Snider argues Kentucky law does not necessitate expert testimony even under a general negligence theory, citing *Perkins v. Hausladen*, 828 S.W.2d 652 (Ky. 1992), and *Caniff v. CSX Transportation Inc.*, 438 S.W.3d 368 (Ky. 2014). (Pl.'s Resp. 8).

In *Perkins*, the plaintiff sued his surgeon after the doctor inadvertently tore the sigmoid sinus while performing surgery to remove diseased tissue in the plaintiff's ear. *Perkins*, 828 S.W.2d at 653. The plaintiff alleged medical negligence resulting in irreversible blindness and damage to the optic nerve. *See id.* During discovery, the plaintiff presented evidence relating to a conversation with the surgeon post-surgery and the operative report. *See id.* at 653. While the

trial court held the plaintiff could not rely on *res ipsa loquitur*, the Kentucky Supreme Court

reversed the order granting summary judgment for the surgeon. *See id.* Applying Kentucky's

strict standard for summary judgment, the court concluded that medical evidence developed

during the surgeon's deposition and the testimony from subsequent treating physicians were

sufficient for *res ipsa loquitur* to apply, which would permit a jury to infer that a breach had

occurred. *See id.* at 656.

        *Perkins* does not support Plaintiff's position in the present case. *Perkins* applied the more

stringent Kentucky standard for summary judgment, which is not applicable here. *Perkins*, 828

S.W.2d at 654-656. *See also Smothers v. Tractor Supply Co.*, 104 F. Supp. 2d 715, 717 (W.D.

Ky. 2000) ("[T]he Kentucky standard of summary judgment does not apply to a federal court

sitting in diversity."). There is no proof of inculpatory statements by Defendants in this action or

any records indicating a malfunction in the operation of the automatic door. To the contrary,

Defendants' inspection revealed no defects in the door immediately before and after Plaintiff's

encounter. Thus, Perkins does not help Plaintiff here

        In *Caniff*, a railroad employee was injured after he slipped and fell while carrying a piece

of equipment across crushed gravel in a railyard. *Caniff*, 438 S.W.3d at 370. In granting

summary judgment, the trial court reasoned that the plaintiff's failure to retain an expert witness

warranted summary judgment. *Id.* at 371. The issue presented to the Kentucky Supreme Court

was "whether summary judgment was proper on the issue of [railroad]'s negligence in requiring

Caniff to carry the [equipment] without sufficient mechanical or manual assistance." *Id.* In

reversing summary judgment for the railroad, the Kentucky Supreme Court reasoned:

> [W]e are at an utter loss as to why an expert would be required in a case such as
> this. Lay jurors can determine whether CSXT's actions were negligent in this case
> without any such testimony to explain to them the standards as they existed in the
> railroad industry at the time of Caniff's injury.

*Id.* at 375. The court also held that there were material factual issues which precluded summary judgment. *Id.*

This case is distinguishable from *Caniff* because the technical nature of an automatic door is beyond the understanding of a lay juror. Snider claims the door malfunctioned due to negligence but presents no evidence indicating how the malfunction occurred or that the door was operating abnormally. Defendants, on the other hand, *have* presented evidence that the door was functioning properly both before and after the accident. (Defs.' Mot. Ex. 6, at 1-7, DN 22-7). Plaintiff cannot simply claim some mercurial defect existed without expert support to create a genuine issue of material fact. *Williams v. Toyota Motor Sales, U.S.A.*, No. 2:11-38-DCR, 2012 WL 176473, at *3-5 (E.D. Ky. Jan. 20, 2012) (granting summary judgment when plaintiff did not provide expert to show alleged defect in car door). Like the plaintiff in *Williams*, without expert testimony to explain how Defendants' automatic door constituted an unreasonably dangerous condition on Wal-Mart's premises, Snider's claim must be dismissed. *Id*. at *3-5.

In conclusion, Snider cannot succeed in reliance upon *res ipsa loquitur* as the mere occurrence of the event in this case does not speak of negligence. To the extent Snider argues under a general negligence theory, she cannot show breach or causation as she has provided no evidence to create a genuine issue of material fact that Defendants were negligent and that such negligence caused her injury. Thus, Defendants' motion is granted.

## V.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants Wal-Mart Stores East L.P. and Stanley Access Technology LLC's Motion for Summary Judgment (DN 22) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**
January 26, 2016

cc:    counsel of record